# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEIL L. RYANT,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 18-CV-1848** |
| : | |
| **MARK HATTY,** *et al.*, : | |
| **Defendants.** : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                           **AUGUST 17, 2018**

      On May 2, 2018, the Court received a Complaint pursuant to 42 U.S.C. § 1983 from *pro se* Plaintiff Neil L. Ryant, a State inmate currently incarcerated at SCI Phoenix. Ryant named the Pennsylvania Probation and Parole Board, Parole Agent Streaty, and SCI Graterford as Defendants. By Order entered on May 4, 2018, the Court directed Ryant to either submit $400.00 to the Clerk of Court, or file a motion for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement for the period from November 2, 2017 through May 2, 2018, within thirty (30) days. (ECF No. 3.) Because Ryant did not do so, the Court dismissed this matter without prejudice for failure to prosecute on June 19, 2018. (ECF No. 4.)

      On August 25, 2018, the Court received an Amended Complaint (ECF No. 5), Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6), and Prisoner Trust Fund Account Statement (ECF No. 7) from Ryant. In the Amended Complaint, Ryant names Mark Hatty, E. Martes, Andrew Bevec, the Department of Corrections, S. Streaty, Department of Corrections, and the Pennsylvania Board of Probation and Parole as Defendants. In light of Ryant's *pro se* status, the Court will reopen this case and vacate its June 19, 2018 Order. For the following reasons, the

Court will grant Ryant leave to proceed *in forma pauperis* and dismiss his Complaint and Amended Complaint.

I.   FACTS

In his Complaint, Ryant states that he was arrested on October 25, 2007 and "received a 3-10 yr. sentence." (Compl. at 3.)[1] He was paroled in October of 2016 and was arrested in January 2017. (*Id.*) Ryant claims that "while awaiting court for new criminal charges and having a state detainer [he] maxed out [his] sentence on October 25[,] 2017." (*Id.*) The detainer was lifted, and Ryant was "confined an additional 3 months on new criminal charges." (*Id.*) On January 23, 2018, Ryant was sentenced to five (5) years of probation "with no prison time." (*Id.*) He was released on January 24, 2018. (*Id.*) On March 13, 2018, Ryant reported to Probation Officer Mark Hatty for a routine visit. (*Id.*) At that time, he "was detained for a warrant issued by PA Board of Prob. & Parole." (*Id.*) Agent Streaty took Ryant to SCI Graterford. (*Id.*) Ryant contends that he "do[es] not owe the State any time whatsoever." (*Id.*)

In the Amended Complaint, Ryant asserts that he is "being wrongfully held in prison" by all of the Defendants. (Am. Compl. at 3.) He states that he "served all time of [his] state sentence and [he] was still brought back to confinement." (*Id.* at 4.) As relief, Ryant seeks "no less than $1,000.00" for each day he has been wrongfully confined. (*Id.* at 5.) He also seeks $100,000.00 for pain and suffering because he "los[t his] job, [] disappointed [his] children & family, and [has] become mentally exhausted since returning to the D.O.C." (*Id.*) He also requests reimbursement for all money sent to his family, which totals over $600.00. (*Id.*)

---

[1] Public dockets reflect that on November 26, 2008, in the Court of Common Pleas for Philadelphia, Ryant pled guilty to one count of manufacturing/delivering/possessing with the intent to manufacture or deliver and one count of criminal conspiracy. *See Commonwealth v. Ryant*, Docket No. CP-51-CR-0013551-2007 (Phila. Ct. Common Pleas). He received a minimum of three (3) years of incarceration and a maximum of ten (10) years. *Id.*

## II. STANDARD OF REVIEW

The Court will grant Ryant leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, the Complaint and Amended Complaint are subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint and Amended Complaint if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Furthermore, the Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Ryant is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Ryant's Complaint and Amended Complaint fail to set forth a claim for relief.

Ryant has named the Department of Corrections and the Pennsylvania Board of Probation and Parole as Defendants in this matter. However, both are entitled to Eleventh Amendment

---

[2] However, because Ryant is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

immunity from his suit pursuant to § 1983. *See Spuck v. Pa. Bd. of Probation & Parole*, 563 F. App'x 156, 158 (3d Cir. 2014) (per curiam) (citing *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986)); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Moreover, to the extent Ryant seeks to proceed against SCI Graterford, he cannot, as it is "part of the executive department of the Commonwealth of Pennsylvania" and therefore "share[s] in the Commonwealth's Eleventh Amendment immunity." *Dickerson v. SCI Graterford*, 453 F. App'x 134, 137 (3d Cir. 2011) (per curiam); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). Accordingly, Ryant's claims against these entities are subject to dismissal.

As noted above, Ryant seeks to hold all the Defendants liable for "wrongfully [holding] him in prison." (Am. Compl. at 4.) Ryant's claims of wrongful incarceration, however, are not cognizable under § 1983 at this time. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to the extent Ryant seeks to vacate his parole violation sentence and be released from prison, he must pursue those claims in a *habeas* case, after exhausting state remedies, rather than a civil rights action.

Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

4

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). That principle extends to claims challenging the constitutionality of a sentence calculation where the calculation in question has not been successfully challenged. *See Royal v. Durison*, 254 F. App'x 163, 165-66 (3d Cir. 2007) (concluding that *Heck* barred plaintiff's § 1983 claim challenging defendants' failure to properly investigate his allegations that time served had been improperly calculated); *Hinkley v. Leigh Cty. Clerk of Courts*, No. 11-1164, 2012 WL 1057452, at *3 (E.D. Pa. Mar. 29, 2012) (concluding that plaintiff's claims challenging alleged errors in the computation of his sentence were not yet cognizable under § 1983 because plaintiff's attempts at invalidating his sentences had not yet been successful).

The docket for Ryant's state proceedings indicate that his convictions have not been reversed, expunged, or otherwise invalidated. Likewise, nothing on the docket indicates that he has yet been successful in challenging the calculation of his sentence. Accordingly, any claims alleging an unconstitutional sentence calculation are not currently cognizable under § 1983. In other words, Ryant cannot raise claims challenging the constitutionality of the Defendants' Pennsylvania Board of Probation and Parole's failure to correctly calculate his parole violation sentence. That is so regardless of whether *habeas* relief is still available to Ryant. *See Williams v. Consovoy*, 453 F.3d 173, 179 (3d Cir. 2006). Therefore, the Court will dismiss any such

claims without prejudice to Ryant filing a new complaint only in the event that he is successful in challenging the calculation of his sentence.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ryant's Complaint and Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ryant's claims against the Pennsylvania Board of Probation and Parole, the Department of Corrections, and SCI Graterford will be dismissed with prejudice. Any claims challenging Ryant's parole violation sentence, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), will be dismissed without prejudice to Ryant's right to pursue them in a new lawsuit if and when he is successful in challenging that calculation. Ryant will not be permitted to file a second amended complaint, as he cannot cure the defects in his claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
**United States District Judge**